SUMMARY ORDER
Defendant-Appellant Miguel Garcia appeals from the judgment of the United States District Court for the Southern District of New York (Swain, J.) convicting him, after a jury trial, of one count of robbery conspiracy in violation of the Hobbs Act, 18 U.S.C. § 1951, and one count of illegal re-entry in violation of 8 U.S.C. § 1326(a), (b)(2), and sentencing him to 57 months imprisonment. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal. We affirm the District Court’s judgment.
On appeal, Garcia argues both that the Hobbs Act as applied to him exceeds Congress’s power under the Commerce Clause and that the District Judge improperly charged the jury with respect to the Hobbs Act’s jurisdictional element. These claims are meritless.
First, we find that the jury had sufficient evidence to conclude that the planned robbery, if successful, would have affected interstate Commerce, as the Commerce Clause of the United States Constitution requires. We have held that the Hobbs Act’s jurisdictional element, which is coextensive with the Commerce Clause, requires only that the defendant’s conduct, if carried to fruition, have a de minimis effect on interstate commerce. United States v. Elias, 285 F.3d 183, 188 (2d Cir.2002). We have also held that the United States Supreme Court’s decision in United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), did not affect the Hobbs Act’s jurisdictional element. Elias, 285 F.3d at 188.
The record in this case supports a finding that Garcia planned to rob a courier during a drug-related transaction involving a Colombian drug cartel and hundreds of thousands of dollars in drug proceeds. Neither the Hobbs Act nor the Commerce Clause requires more. See id. at 185-89 (finding Hobbs Act’s jurisdictional element satisfied where defendant stole from neighborhood grocery store $1400 cash, cigarettes, Metrocards, calling cards, and food stamps); United States v. Wilkerson, 361 F.3d 717, 729-32 (2d Cir.2004) (finding Hobbs Act’s jurisdictional element satisfied where defendant robbed two men who owned a landscaping company that served only in-state customers and that purchased supplies only from an in-state retailer, be *69 cause the retailer in turn purchased some of the supplies from out of state). That Garcia could never have completed the robbery is of no moment. United States v. Silverio, 335 F.3d 183, 187 (2d Cir.2003); United States v. Clemente, 22 F.3d 477, 480-81 (2d Cir.1994).
Second, the District Judge’s instruction to the jury on the Hobbs Act’s jurisdictional element was not erroneous. Despite his assertion to the contrary, Garcia did not object to the instruction given on this issue. Where a party does not object at trial to a jury instruction, we review the jury instruction for plain error. United States v. Middlemiss, 217 F.3d 112, 121 (2d Cir.2000). Garcia argues that the District Judge erred by instructing the jury that, as a matter of law, theft of drug proceeds affects interstate commerce. See United States v. Gaudin, 515 U.S. 506, 509-10, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); United States v. Parkes, 497 F.3d 220, 229-30 (2d Cir.2007). But in fact, the jury instruction at issue — that if the jury finds beyond a reasonable doubt that “the defendant understood that the intended victim of the property robbery purchased or sold goods that flowed in interstate or foreign commerce and the money or items the defendant conspired to take belonged to the victim, then [it] may find that this element has been met” — was consistent with this Court’s case law on the Hobbs Act’s jurisdictional element. See Elias, 285 F.3d at 189 (“[A] robbery of a local distribution or retail enterprise may be said to affect interstate commerce if the robbery impairs the ability of the local enterprise to acquire — whether from out-of-state or in-state suppliers — goods originating out-of-state.”).
Garcia additionally argues that the District Judge improperly admitted evidence relating to his prior criminal activities. We review for abuse of discretion a district judge’s evidentiary findings. United States v. Brady, 26 F.3d 282, 286 (2d Cir.1994). Evidence of past criminal activity is admissible where it completes the story of the charged crime. See United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir.1992). We agree with the District Judge that the evidence of Garcia’s past robbery scheme with two of his co-defendants helped explain the three defendants' relationship. Nor do we find that this evidence, admitted with a proper limiting instruction, was unduly prejudicial.
In the final issue on appeal, Garcia argues that the case should be remanded for resentencing because of the District Judge’s refusal to credit Garcia for his acceptance of responsibility. Because Garcia’s sentence has been served and he was deported on February 9, 2009, this issue is now moot. See United States v. Mercurris, 192 F.3d 290, 294-95 (2d Cir.1999).
We have considered all of Garcia’s claims on appeal and find them to be unavailing. Accordingly, we affirm the District Court’s judgment.